| STATE OF MONTANA, | |
|---|---|
| Plaintiff, | No. DC-05-22 |
| vs. | Amended Judgment |
| CHASE SHEEHAN, | and Commitment |
| Defendant, | |

On November 3, 2005, the defendant was sentenced to fifty (50) years in the Montana State Prison, with thirty-five (35) years suspended, for the offense of Sexual Intercourse Without Consent. The Defendant shall be placed at the Pine Hills Youth Correctional Facility until he reaches the age of eighteen (18); at which time he will be placed at the Montana State Prison. Furthermore, the Defendant shall not be eligible for parole unless he has successfully completed Phases I and II of the sex offender treatment program at the Montana State Prison.

On May 5, 2006, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Larry Nistler. The state was not represented.

The Defendant having been duly informed of the amended judgment and commitment, and having waived his right to appear before the undersigned for this pronouncement of sentence, whereupon,

IT IS ORDERED, ADJUDGED AND DECREED that the sentence shall be amended as follows: The Defendant is committed to the Department of Corrections for a term of fifty (50) years, with all but five (5) years suspended, for placement in an appropriate correctional, therapeutic, or detention facility, at the Department of Corrections' discretion. The sentence and judgment is otherwise amended on page 2, lines 5-8, to exclude the provision requiring the Defendant be transferred to the Montana State Prison at the age of eighteen (18); and also to eliminate the parole ineligibility until completion of Phases I and II. The sentence is further amended to include the following: It is the recommendation of the Sentence Review Division that the Defendant receive treatment at a secure, residential treatment/correctional facility to stabilize his treatment and look at a possible medication regime to regain some control

of his behaviors. If the Defendant is successful, it is recommended the Defendant be placed in a therapeutic foster home, with no other children. If this is impossible, then it is recommended the Defendant be placed in a therapeutic group home, if available, all as suggested in Dr. Michael Scolatti's psychosexual evaluation attached to the pre-sentence investigation.

The various other terms and conditions of the district court's judgment dated November 3, 2005, shall, in so far as they are not inconsistent herewith, remain the same.

DATED this 16th day of June, 2006.

Hon. Gary Day, District Court Judge